PANAMERICAN CONSULTING COMPANY, INC.
*v.* CORBU INDUSTRIAL, S. A.

[No. 221, September Term, 1958.]

*Decided April 14, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Charles O. Fisher,* with whom were *Walsh & Fisher* on the brief, for the appellant.

*Richard F. Cleveland* for the appellee.

PER CURIAM.

Panamerican Consulting Company, Inc., the appellant, sued Corbu Industrial, S.A., a Mexican corporation, in Maryland on the ground that the contract sued on was made in Maryland. The lower court held that the suit must be dismissed for want of jurisdiction.

Panamerican is a consulting engineering corporation with headquarters in Maryland. It had a contract with Corbu for the erection of a 48-ton Naval stores plant in Mexico. Hercules Powder Company bought the controlling interest in Corbu, and Warren S. Beasley, Manager of its Naval stores department, with the approval of Paul Mayfield, its Vice President and new President of Corbu, telephoned Panameri-

can and invited the submission of terms cancelling the existing contract and erection of a 96 ton plant. Panamerican submitted terms by telephone and about August 1, 1956 was told verbally by Beasley to proceed immediately and "we will rewrite the contract accordingly." On August 28, 1956, Musall, Vice President of Panamerican, met Beasley and Mayfield in Wilmington, Delaware, discussed the contract, reached agreement and caused a contract to be drawn. It was in the form of a proposal by Panamerican, ending "Respectfully Submitted Panamerican Consulting Company by .........." and the date "August 28, 1956". Immediately under this Mayfield and Beasley put their initials and the date in figures "8/28/56". Below all this were the words:

"Accepted
　　Corbu Industrial S.A.
　　by
　　Date"

After the document had been initialed by Mayfield and Beasley, Musall took it back to Maryland where it was signed the same day by the President of Panamerican and mailed back to Wilmington. On September 7, 1956 Corbu accepted the contract in Mexico by the signature of Ricardo B. Cordeiro, its Vice President and General Manager.

Panamerican says the contract was made in Maryland because its President accepted the offer of Corbu, formalized by the initialing of the document by its officer, in Maryland and mailed the acceptance from Maryland. We think the contract was made in Mexico where the final signature of Corbu was affixed. The intention of the parties that the document was to be an offer by Panamerican, to be accepted by Corbu seems plain. The initialing by Mayfield and Beasley would seem to have been an approval as to form. Cordeiro was in and out of the meeting in Wilmington; and if it had been intended to have the contract finally made there, Panamerican's Vice President, who was present, and Corbu's President, Mayfield, or its Vice President, Cordeiro, could have then executed it. They did not. Panamerican signed it in Maryland and Corbu in Mexico, where it finally became a contract.

Appellant concedes that if the contract was not made in Maryland Corbu cannot be sued here, since justification for the suit was found in Code, 1957, Art. 23, sec. 92 (d), which provides for suit in Maryland against a foreign corporation on a cause of action "arising out of a contract made within this State." Cf. *Com. De Astral v. Boston Met. Co.,* 205 Md. 237. Since the contract was not made within the state the lower court was correct in dismissing the suit for want of jurisdiction.

*Order affirmed, with costs.*